# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

JAMAEKA WILSON-GANTT,

        Plaintiff,

v.                                        Case No:   6:22-cv-983-LHP

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant

_____

### MEMORANDUM OF DECISION[1]

Jamaeka Wilson-Gantt ("Claimant") appeals the final decision of the Commissioner of Social Security ("the Commissioner") denying her application for disability insurance benefits.  Doc. No. 1.  Claimant raises three arguments challenging the Commissioner's final decision, and based on those arguments, requests that the matter be reversed and remanded for further administrative proceedings.  Doc. No. 28.  The Commissioner asserts that the decision of the Administrative Law Judge ("ALJ") is supported by substantial evidence and should

---

[1] The parties have consented to the exercise of jurisdiction by a United States Magistrate Judge.  *See* Doc. Nos. 17, 20–21.

be affirmed.   Doc. No. 32.   For the reasons discussed herein, the Commissioner's final decision is **AFFIRMED**.

## I.     PROCEDURAL HISTORY.

This case arises from Claimant's application for disability insurance benefits, filed on January 5, 2010, and alleging a disability onset date of October 22, 2007. *See* R. 206.   Claimant last met the insured status requirements of the Social Security Act on December 31, 2012.   *See* R. 23, 249, 883.

Claimant's application for benefits was denied initially and on reconsideration, and Claimant requested a hearing before an ALJ.   R. 118–21, 124–133.   A hearing was held before the ALJ on May 10, 2013.   R. 932–63.[2]   Following the hearing, the ALJ issued an unfavorable decision finding that Claimant was not disabled through the date last insured.   R. 21–32.   In that decision, the ALJ determined that Claimant suffered from the severe impairments of disorders of the spine, hypertension, diabetes mellitus, and morbid obesity, but that her mental impairments were not severe, and the ALJ assessed Claimant a residual functional capacity ("RFC") that did not include any accommodations for mental impairments. *Id.*   The Appeals Council denied Claimant's request for review.   R. 8–14. Claimant appealed that decision to this Court.   *See Wilson-Gantt v. Comm'r of Soc.*

---

[2] The ALJ initially dismissed Claimant's request for a hearing as untimely, but the Appeals Council granted Claimant's request for review, and remanded the matter back to the ALJ for a hearing.   *See* R. 109–17.

*Sec.*, No. 6:15-cv-257-GJK, Doc. No. 1 (M.D. Fla. Feb. 19, 2015).   This Court reversed on September 8, 2016.   *Id.*, Doc. No. 26.   *See also* R. 968–81.   The Court found that the ALJ did not properly consider whether Claimant's mental health issues were severe impairments, and that the error was not harmless given the ALJ's RFC assessment.   R. 968–81.   The Appeals Council thereafter vacated the final decision and remanded the matter to the ALJ for further proceedings consistent with the Court's Order.   R. 988–93.

On remand, a second administrative hearing was conducted before the ALJ on July 12, 2017, where Claimant, who was represented by counsel (the same counsel representing Claimant in the present proceeding), and a vocational expert ("VE") testified.   R. 904–31.   On August 22, 2017, the ALJ issued another unfavorable decision finding that Claimant was not disabled through the date last insured.   R. 881–96.   In that decision, the ALJ determined that Claimant had severe impairments of disorders of the spine, hypertension, diabetes mellitus, morbid obesity, depression, bipolar disorder, and anxiety, and found that Claimant had the RFC to perform a reduced range of sedentary work, but that Claimant was limited to simple, routine tasks that have no exposure to the general public.   R. 883, 886.   Claimant filed exceptions with the Appeals Council, which declined to assume jurisdiction by order dated April 27, 2022.   R. 871–77, 1098.   Claimant now

seeks review of the August 22, 2017 decision in this Court.   Doc. No. 1.[3]

## II.      THE ALJ'S AUGUST 22, 2017 DECISION.[4]

After careful consideration of the entire record, the ALJ performed the five-step evaluation process as set forth in 20 C.F.R. §§ 404.1520(a).   R. 881–96.[5]   The ALJ first found that Claimant last met the insured requirements of the Social Security Act on December 31, 2012.   R. 883.   The ALJ further found that Claimant did not engage in substantial gainful activity from her October 22, 2007 alleged

---

[3] *See also* 20 C.F.R. § 404.984(a) ("[W]hen a case is remanded by a Federal court for further consideration and the Appeals Council remands the case to an administrative law judge, or an administrative appeals judge issues a decision pursuant to § 404.983(c), the decision of the administrative law judge or administrative appeals judge will become the final decision of the Commissioner after remand on your case unless the Appeals Council assumes jurisdiction of the case.").

[4] Upon a review of the record, counsel for the parties have adequately stated the pertinent facts of record.   Doc. Nos. 28, 32.   Accordingly, the Court adopts those facts included in the parties' filings by reference and only restate them herein as relevant to considering the issues raised by Claimant.

[5] An individual claiming Social Security disability benefits must prove that he or she is disabled.   *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)).   "The Social Security Regulations outline a five-step, sequential evaluation process used to determine whether a claimant is disabled: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a residual functional capacity ('RFC') assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience."   *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citing *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. §§ 404.1520(a)(i)–(v), 416.920(a)(i)–(v)).

disability onset date through the date last insured.  *Id.*  The ALJ concluded that Claimant suffered from the following severe impairments:  disorders of the spine, hypertension, diabetes mellitus, morbid obesity, depression, bipolar disorder, and anxiety.  *Id.*  However, the ALJ concluded that Claimant did not have an impairment or combination of impairments that met or equaled a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1.  R. 884–86.

After careful consideration of the entire record, the ALJ found that Claimant had the following RFC through the date last insured:

> [T]he claimant had the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) but with no climbing, kneeling, crouching, or crawling; only occasional stooping; the ability to change positions between sitting and standing hourly, performing duties from either position; and, no exposure to concentrated vibrations or workplace hazards.  The claimant was limited to simple, routine tasks that have no exposure to the general public.

R. 886.[6]

---

[6] The social security regulations define sedentary work to include:

> lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools.  Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties.  Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. § 404.1567(a).

The ALJ concluded that, based on the testimony of the VE from the hearing, Claimant was not capable of performing any past relevant work through the date last insured, including work as a nurse assistant, fast foods worker, cashier II, or cashier checker.   R. 894.   However, considering Claimant's age, education, work experience, and RFC, as well as the testimony of the VE, the ALJ concluded that there were jobs existing in significant numbers in the national economy through the date last insured that Claimant could have performed, representative occupations to include document scanner, surveillance system monitor, or lens inserter.   R. 895–96.   Accordingly, the ALJ concluded that Claimant was not under a disability, as defined in the Social Security Act, at any time from the October 22, 2007 alleged disability onset date through the December 31, 2012 date last insured.   R. 896.

## III.    STANDARD OF REVIEW.

Because Claimant has exhausted her administrative remedies, the Court has jurisdiction to review the decision of the Commissioner pursuant to 42 U.S.C. § 405(g), as adopted by reference in 42 U.S.C. § 1383(c)(3).   The scope of the Court's review is limited to determining whether the Commissioner applied the correct legal standards and whether the Commissioner's findings of fact are supported by substantial evidence.   *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011).   The Commissioner's findings of fact are conclusive if they are supported by substantial evidence, 42 U.S.C. § 405(g), which is defined as "more than a scintilla

and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997).

The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the Commissioner's decision, when determining whether the decision is supported by substantial evidence. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). The Court may not reweigh evidence or substitute its judgment for that of the Commissioner, and, even if the evidence preponderates against the Commissioner's decision, the reviewing court must affirm if the decision is supported by substantial evidence. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

## IV.   ANALYSIS.

In her opening brief, Claimant raises three[7] assignments of error as to the ALJ's decision:   (1) the ALJ's finding that Claimant had the ability to perform simple, routine tasks with no exposure to the general public was not supported by substantial evidence; (2) the ALJ erred in relying on the testimony of the VE to find that Claimant was capable of performing simple, routine, and sedentary work; and (3) the ALJ erred in failing to fully develop the record regarding Claimant's physical impairments.[8]   Doc. No. 28.   The Court addresses each issue in turn.

---

[7] Although labeled as issues I, II, and V.

[8] As to the third assignment of error, the Court presumes that Claimant's brief

A.    <u>Claimant's RFC</u>.

Claimant first argues that the ALJ's finding that she was capable of simple, routine tasks with no exposure to the general public was not supported by substantial evidence.   Doc. No. 28, at 15–19.

At step two of the sequential evaluation process, the ALJ made the following findings relevant to Claimant's contentions:

> In understanding, remembering, or applying information, the claimant had mild limitations.   This area refers to an individual's ability to learn, recall, and use information to preform work activities.   At the consultative psychological evaluation in 2010, the claimant reported she is able to understand information, but she has difficulties recalling information.   There was also evidence of memory deficits on mental status examination.   (Exhibit 14-F).   The undersigned notes the claimant did not report memory deficits to her primary care physician, nor was she prescribed medications for the same.   In fact, the claimant requested accommodation to attend school in October of 2012. (Exhibit 26-F).   This suggests a perceived ability to remember coursework.   Although the undersigned finds the claimant has only mild limitations in her ability to understand, remember, or apply information, the restrictions in the residual functional capacity to simple, routine tasks adequately accommodate any limitations in this area.
>
> In interacting with others, the claimant had moderate limitations. This area refers to the claimant's capacity to relate to and work with supervisors, coworkers, and the public.   The claimant testified her husband describes her as "antisocial."   Despite this, the claimant was able to attend doctor's appointments and relate her complaints.   She did not testify to social limitations grocery shopping or performing other activities of daily living.   The record does not contain evidence of a history of altercations, evictions, firings, fear of strangers,

---

contains a scrivener's error where she proposes the answer "no" to her own question of "whether the ALJ erred in failing to fully develop the evidence."   *See* Doc. No. 28, at 21.

avoidance of interpersonal relationships, or social isolation.   There is no indication the claimant is unable to maintain appropriate social relationships on a limited basis.

With regard to concentrating, persisting, or maintaining pace, the claimant had moderate limitations.   This area of functioning concerns actions that demonstrate the ability to focus attention on work activities and stay on task at a sustained rate.   Examples include initiating and performing a work task, working at an appropriate and consistent pace, completing tasks in a timely manner, ignoring distractions, changing activities without being disruptive, and working close to or with others without interrupting or distracting them.   At the consultative psychological evaluation with Dr. Ortiz, the claimant's attention and concertation remained intact.   (Exhibit 14-F).   However, the undersigned finds the claimant's testimony regarding some difficulties concentrating due to pain and mental health symptoms is persuasive.   Accordingly, the residual functional capacity has been decreased to include simple, routine tasks.   Thus, the claimant has moderate limitations in concentrating, persisting, or maintaining pace.

As for adapting or managing oneself, the claimant had experienced moderate limitations.   This area refers to the claimant's ability to regulate emotions, control behaviors, and maintain well-being in a work setting.   This includes the ability to respond to demands, adapt to changes, manage psychologically based symptoms, distinguish between acceptable and non-acceptable work performance, and set realistic goals.   This area also considers the claimant's ability to maintain personal appearance and attire, and to be aware of normal hazards and to take precautions.   At the consultative psychological evaluation, the claimant appeared irritable and angry.   However, the cooperation was adequate.   (Exhibit 14-F).   The undersigned finds the claimant may have some difficulties regulating her emotions and controlling her behavior in a work setting.   Accordingly, the residual functional capacity has been decreased to include no exposure to the general public.   Thus, the claimant has moderate limitations in adapting and managing herself.

R. 884–85.

In making these findings, the ALJ noted that she gave "significant weight" to the opinions of Val Bee, Psy.D., a Disability Determination Services consultant.   R. 884.   And in determining Claimant's RFC, the ALJ gave significant weight to Dr. Bee's opinions, as well as the opinions of Felix Ortiz, Psy.D., a consultative psychological examiner, that Claimant's mental impairments caused moderate limitations on functioning prior to the date last insured.   R. 894.   The ALJ noted that consistent with these doctors' opinions, the ALJ limited Claimant to simple and routine tasks to accommodate for the moderate limitations in concentration, persistence, and pace, and the ALJ limited Claimant to no exposure to the general public to accommodate for her moderate limitations in interacting with others and managing herself.   *Id.*   The ALJ further noted that there were no treatment records for mental health symptoms prior to Claimant's date last insured.   *Id.*

Claimant makes several challenges to these findings.   Doc. No. 28, at 16–19.[9] First, Claimant appears to be arguing that the ALJ erred in concluding that she had only mild limitations in the ability to learn, recall, and use information to perform work activities, given the opinions of Drs. Ortiz and Bee, and that the ALJ's "reasoning in rejecting these expert opinions . . . was insufficient."   *Id.* at 16–17.

_____

[9] Claimant does not challenge the ALJ's reliance on the opinions of Drs. Ortiz and Bee or the substantial weight given to those opinions.   *See* Doc. No. 28.   *See also Persichilli v. Comm'r of Soc. Sec. Admin.*, 246 F. App'x 613, 615 (11th Cir. 2007) (issues not raised before the district court are waived).

But, as the Commissioner argues, Doc. No. 32, at 9, the ALJ gave significant weight to the opinions of Drs. Ortiz and Bee.   *See* R. 884, 894.   Claimant points to nothing in Dr. Bee's opinions demonstrating that Claimant had more than mild limitations in the ability to learn, recall, and use information.   *See* Doc. No. 28, at 16–17.   *See also* R. 503–05.   Insofar as Dr. Ortiz stated that Claimant's "recent and remote memories reflected moderate/severe deficits," *see* R. 501, the ALJ acknowledged that there was evidence of memory deficits during the examination, *see* R. 884, but notably Dr. Ortiz did not make any specific finding as to any opined limitations regarding the ability to learn, recall, and use information.   *See* R. 500–02.   And in the decision, the ALJ noted that Claimant did not report memory deficits to her primary care physician, was not prescribed medication for same, and Claimant requested an accommodation to attend school in 2012.   *See* R. 884.   In her briefing, Claimant appears to be arguing that the ALJ misconstrued this evidence because "it is to her credit that she attempted to return to school" and "it may be that [she] merely reported physical issues to the physician who was not a mental health expert."   Doc. No. 28, at 17.   But Claimant in essence invites the Court to reweigh the evidence in this regard, which the Court may not do.   *See Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (stating that the district court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner]." (quoting *Bloodsworth*, 703 F.2d at 1239)).   So, the Court rejects

Claimant's first contention that the ALJ's finding that she had only mild limitations in the ability to learn, recall, and use information was unsupported by substantial evidence.

Second, Claimant contends that the ALJ's findings at step two were generally insufficient, and the ALJ should have specifically addressed Claimant's moderate limitations in interacting with others as it relates to supervisors and coworkers, and Claimant's moderate limitations in adapting or managing herself as it relates to the ability to perform simple, routine tasks.   Doc. No. 28, at 18.   Claimant cites to no medical opinion evidence of record demonstrating that these moderate limitations result in the greater RFC restrictions than the ALJ imposed.   *See id.*   Instead, for example, as it relates to moderate limitations in interacting with others, Claimant cites to evidence that Claimant's husband thought she was antisocial, and that she was Baker Acted during the relevant period.   *See id.*   Again, the decision demonstrates that the ALJ considered this evidence, *see* R. 885, 893, and Claimant fails to explain how it mandated a different conclusion by the ALJ.   Notably, Claimant does not address the ALJ's findings that Claimant was able to attend doctors appoints and relate her complaints, did not claim limitations performing activities of daily living, the lack of evidence of altercations, evictions, firings, fear of strangers, avoidance of interpersonal relationships, social isolation, and that

there was "no indication the claimant is unable to maintain appropriate social relationships on a limited basis."   *See* R. 885.   Thus, this argument is unavailing.[10]

Finally, Claimant argues that "while the ALJ found [Claimant's] limitations in employment involving simple, routine tasks with no exposure to the general public would accommodate [Claimant's] moderate mental health limitations, the ALJ did not make a finding despite those several moderate limitations, the [Claimant] was capable of that employment."   Doc. No. 28, at 18.   It is not entirely clear to the Court what Claimant is arguing on this point.[11]   To the extent that

---

[10]   In her briefing, Claimant relies solely on *Beedle v. Colvin*, No. 1:14-CV-02394-AJB, 2016 WL 8671971 (N.D. Ga. Mar. 25, 2016) to support her argument that the ALJ failed to consider her moderate limitations in interacting with others as it relates to interactions with supervisors and coworkers.   Doc. No. 28, at 18.   However, in *Beedle*, a consulting physician opined that the claimant "may have difficulty getting along with others in public settings, coworkers, and supervisors."   *Beedle*, 2016 WL 8671971, at *8.   Claimant points to no such similar opinion evidence here, and indeed, Dr. Bee opined that Claimant was not significantly limited in social interaction, and that "she generally appears capable of at least superficially appropriate social interaction."   R. 504, 505.   Moreover, to the extent that the ALJ erred in *Beedle* in failing to adequately explain the limitations applied to interactions with the public, coworkers, and supervisors, any error was harmless because the claimant did not demonstrate that the RFC was insufficient to accommodate the medical opinions of record, much like here.   *See Beedle*, 2016 WL 8671971, at *12.

[11]   Claimant cites "*Perez v. Commissioner of Soc. Sec., 2022 WL 47918 (M.D. Fla. 2022)(Fla. 2022),*" *see* Doc. No. 28, at 18, but the Court was unable to locate such case by the citation provided or by independent search.   To the extent Claimant intended to reference *Perez v. Comm'r of Soc. Sec.*, No. 6:20-cv-1341-LHP, 2022 WL 479813 (M.D. Fla. Feb. 16, 2022), that decision is readily distinguishable, for in *Perez*, the ALJ erred in failing to explain the supportability and consistency factors when the ALJ completely ignored portions of two examining psychologists' opinions.   No such argument is made here, where it is clear that the ALJ gave consideration and great weight to the opinions and findings of Drs. Bee and Ortiz, including their findings regarding Claimant's mental limitations, and incorporated those findings into the RFC.

Claimant is arguing that the ALJ failed to explicitly state that she could perform the work cited in the decision with her moderate limitations and the subsequent RFC determination, the Court finds that implicit in the ALJ's decision and the ALJ's reliance on the testimony of the VE.   *Cf. Hines v. Barnhart*, 453 F.3d 559, 563 (4th Cir. 2006) ("The ALJ concluded that [the claimant] had the RFC 'to perform a wide range of sedentary work with limitations to working in temperature extremes, working at a production rate, or performing more than simple, routine, repetitive tasks.'   In light of SSR 96–8p, this conclusion implicitly contained a finding that [the claimant] physically is able to work an eight hour day." (citation omitted))).

For these reasons, Claimant's first assignment of error is unpersuasive.

B.    <u>Claimant's RFC and Testimony of VE.</u>

An ALJ may consider the testimony of a VE at step five of the sequential evaluation process when determining whether the claimant can perform other jobs in the national economy.   *Phillips*, 357 F.3d at 1240.   The ALJ must pose hypothetical questions that are accurate and that include all of the claimant's functional limitations.   *See Pendley v. Heckler*, 767 F.2d 1561, 1563 (11th Cir. 1985). However, the ALJ is not required to include in the hypothetical question "each and every symptom" of the claimant's impairments, *Ingram v. Comm'r of Soc. Sec. Admin.*,

---

496 F.3d 1253, 1270 (11th Cir. 2007), or "findings . . . that the ALJ . . . properly rejected as unsupported," *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004).

Here, Claimant argues that, based on her first assignment of error, "the ALJ failed to present the vocational expert with the full range of the Plaintiff's moderate limitations in interacting with coworkers and supervisors, and adapting or managing herself, that being the ability to regulate emotions, control behaviors and maintain while being in a work setting.   Further, the record supports a mental health limitation in the ability to remember which further should have been presented to the vocational expert in as a hypothetical."   Doc. No. 28, at 20.   So, according to Claimant, the VE's testimony could not constitute substantial evidence to support the ALJ's decision.   *Id.*

The success of this argument is contingent on the success of Claimant's first assignment of error.   As discussed above, the Court finds no error in the ALJ's RFC determination and the consideration of the limitations imposed by Claimant's mental impairments.   The hypothetical question posed by the ALJ to the VE mirrored the RFC limitations.   *Compare* R. 886, *with* R. 926–27.   Given the Court's determination that the ALJ's RFC determination was supported by substantial evidence, "the ALJ's hypothetical question to the VE, which is consistent with the ALJ's RFC determination, properly accounted for Claimant's functional limitations."   *See Straka-Acton v. Comm'r of Soc. Sec.*, No. 6:14-cv-630-Orl-GJK, 2015

WL 5734936, at *4 (M.D. Fla. Sept. 29, 2015).   *See also Ybarra v. Comm'r of Soc. Sec.*, 658 F. App'x 538, 543 (11th Cir. 2016) (rejecting argument that the ALJ's hypothetical to the VE was defective "because the criticisms that [the claimant] aims at the hypothetical question are identical to those leveled at the ALJ's RFC, and, as discussed above, the RFC is supported by substantial evidence").[12]

Claimant also argues that the hypothetical question posed to the VE was "vague" as to "the ability to change positions between sitting and standing hourly" because the ALJ "did not present information as to what was meant to change positions, how long the individual would need to change positions, whether in changing positions the individual . . . would have to get up and walk around, and if so for how long."   Doc. No. 28, at 20.   *See also* R. 926 (hypothetical question including that the subject individual would need "to be able to change positions between sitting and standing hourly").   The Court finds this argument unpersuasive, as the hearing transcript demonstrates that "the ALJ intended for Plaintiff to be able to stand and move about briefly every hour to adjust position to address any discomfort."   *See, e.g., Jeffrey P. v. Soc. Sec. Admin. Comm'r*, No. 2:18-CV-00124-DBH, 2019 WL 351259, at *3 (D. Me. Jan. 29, 2019), *report and recommendation adopted*, 2019 WL 637768 (D. Me. Feb. 13, 2019) (rejecting

---

[12] "Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants."   *Bonilla v. Baker Concrete Constr., Inc.*, 487 F.3d 1340, 1345 n.7 (11th Cir. 2007).

substantially similar argument).   *See also* R. 927 (ALJ clarifying with the VE that she was inquiring about the need to change positions and stand up for a few seconds every five to ten minutes, as opposed to the need to take breaks and leave the duty station); *Thomas v. Comm'r of Soc. Sec.*, No. 3:19-cv-620-J-PDB, 2020 WL 5810219, at *4 (M.D. Fla. Sept. 30, 2020) ("Courts in this circuit routinely reject the argument that the limitation is vague where, as here, there is no indication that either the ALJ or the VE misunderstood its plain meaning.").

Accordingly, the Court rejects Claimant's second assignment of error.

C.      <u>Failure to Fully Develop the Record.</u>

Finally, Claimant argues that the ALJ erred in relying on a non-examining physician to determine Claimant's physical functional capacity, or alternatively, in failing to fully develop the record by referring Claimant for a physical capacity evaluation.   Doc. No. 28, at 21–22.

As an initial matter, Claimant fails to even identify the non-examining physician whose opinions she claims that the ALJ erred in relying upon, so the Court does not further address this contention.   *Id.   See also Ross v. Comm'r of Soc. Sec.*, No. 6:15-cv-1764-Orl-DCI, 2017 WL 1180004, at *2, n.2 (M.D. Fla. Mar. 30, 2017) (finding claimant's argument waived given the "perfunctory nature" of the argument).[13]   Regarding Claimant's contention that the ALJ was required to more

---

[13] To the extent that Claimant is referring to the ALJ's provision of "great weight"

fully develop the record by referring her for a physical evaluation, the Court finds this argument unpersuasive in this case.

The ALJ has a basic obligation to develop a full and fair record.   *Graham v. Apfel,* 129 F.3d 1420, 1422 (11th Cir. 1997) (citing *Cowart v. Schweiker,* 662 F.2d 731, 735 (11th Cir. 1981)).   This requires the ALJ to develop the claimant's complete medical history for at least the twelve (12) months preceding the month in which the application was filed, *Ellison v. Barnhart,* 355 F.3d 1272, 1276 (11th Cir. 2003), and order a consultative examination when such an evaluation is necessary to make an informed decision, *Holladay v. Bowen,* 848 F.2d 1206, 1209 (11th Cir. 1988).   Thus, here, the ALJ had a duty to develop Claimant's complete medical history for at least twelve (12) months prior to the January 5, 2010 application date.   *See Ellison,* 355 F.3d at 1276.   Plaintiff does not argue any evidentiary gaps during that time period. *See* Doc. No. 28, at 21–22.   Instead, Plaintiff contends that an MRI from 2011 and evidence that she needed a cane to ambulate demonstrate more severe impairments

---

to the opinions of Dr. Ronald Kline, notably, the ALJ stated that Dr. Kline's opinions were "consistent with the opinions of the claimant's treating physicians Dr. Beckner, Dr. Gerber, and Dr. Imfeld who unanimously concluded the claimant is not precluded from performing all work activity," opinions to which the ALJ also accorded significant weight. *See* R. 891.   Claimant does not challenge the ALJ's findings in this regard or the ALJ's reliance on the opinions of the treating physicians, thus waiving the issue.   *See* Doc. No. 28.   *See also Persichilli*, 246 F. App'x at 615 (issues not raised before the district court are waived).   Nor does Claimant point to any opinion from her treating physicians that would be inconsistent with the ALJ's RFC assessment.   *See* Doc. No. 28.

than initially indicated.  *Id.* at 22.   But, the ALJ discussed the 2011 MRI and the use of a cane in the decision, demonstrating that she considered this evidence.  *See* R. 888, 890–91. [14]   "Claimant's failure to cite any particular medical records or information not contained within the record, as well as Claimant's failure to articulate why the ALJ should have ordered a consultative examination," renders Claimant's argument unavailing.  *See Bussard v. Comm'r of Soc. Sec.*, No. 6:13-cv-1953-Orl-GJK, 2015 WL 1456663, at *11 (M.D. Fla. Mar. 30, 2015) (citing *Brown v. Shalala*, 44 F.3d 931, 935 (11th Cir.1995) (explaining that remand for development of the record is appropriate where the record contains evidentiary gaps which result in unfairness or clear prejudice)).

For these reasons, the Court rejects Claimant's third and final assignment of error.

**V.   CONCLUSION.**

Based on the foregoing, it is **ORDERED** that:

1.     The final decision of the Commissioner is **AFFIRMED**.

2.     The Clerk of Court is **DIRECTED** to enter judgment in favor of the Commissioner and thereafter **CLOSE** the case.

---

[14] In addition, the Court notes that the VE testified that the need for a cane to ambulate would not interfere with the ability to perform sedentary work, including the jobs of document scanner, surveillance systems monitor, and lens inserter.  *See* R. 926–27.

**DONE** and **ORDERED** in Orlando, Florida on June 22, 2023.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties